DECISION OF DISMISSAL
This matter is before the court on its Order, filed October 6, 2011, stating that if the parties failed to submit a signed stipulated agreement to the court, the above entitled-matter would be dismissed.
As of this date, the parties have not submitted a signed stipulated agreement to the court, even though Plaintiff's attorney, Christopher K. Robinson (Robinson), verbally informed the court on September 27, 2011, at approximately 4:30 p.m. that the parties had reached an agreement and the trial scheduled for September 28, 2011, at 9:00 a.m. should be canceled.
A complaint in the above-entitled matter was filed April 27, 2009. Fourteen months later, the parties participated in a court-assisted mediation on June 22, 2010. The parties were unable to reach an agreement. Two months later, the parties requested a second mediation. Given available court resources, the court denied their request for a second court-assisted mediation.
A case management conference was held October 20, 2010. The parties agreed to submit three mutually convenient trial dates no later than November 22, 2010. When the parties failed to submit trial dates by November 22, 2010, the court issued a Journal Entry, filed December 3, 2010, stating that trial dates must be submitted within 14 days. *Page 2 
On December 8, 2010, Plaintiff requested a trial date based on the parties' availability more than 15 months after the June 2010 mediation.
On September 23, 2011, the parties filed a joint request to reset the trial, failing to follow the court's rules for rescheduling trials, Tax Court Rule-Magistrate Division (TCR-MD) Rule 12 B(3), which states that written requests "should be submitted to the court at least 10 days prior to the scheduled event." By order filed September 26, 2011, the court denied the parties' request.
Approximately 16 hours before the September 28, 2011, trial, Robinson telephoned the court, stating that the parties had reached an agreement. Robinson verbally requested that the trial be canceled. The court granted Robinson's verbal request, even though the parties failed to comply with TCR-MD 2 F:
 "If the parties resolve the issue(s), a signed stipulation must be submitted to the court prior to the trial date."
Because the parties failed to submit a signed stipulation, the court issued an Order. The court's Order, filed October 6, 2011, cited the court's rule and gave the parties 14 days to file a signed stipulation. The court's Order stated that if the parties failed to submit a signed stipulation, the above-entitled matter would be dismissed.
In a letter dated October 14, 2011, Defendant's authorized representative, Toni Blessing (Blessing), Property Appraiser III, wrote to the court, describing the events that occurred prior to the date of trial. In her letter, Blessing wrote:
 "The Plaintiffs Attorney, Christopher K. Robinson was the one who called Benton County a day prior to the scheduled trial wanting to settle. The County was ready and wanted to go to trial."
Blessing wrote that the county prepared and sent "the original stipulation" dated September 27, 2011, *Page 3 
and subsequently on October 5, 2011, Robinson "sent a copy of a stipulation * * * [that] added additional verbiage that Benton County does not agree to."
In his letter dated October 17, 2011, Robinson informed the court that the parties were not in agreement and requested until October 28, 2011, to submit a letter "on the status of both appeals [TC-MD 090824C and 100695C]." The court allowed the extension until October 28, 2011, to submit a signed stipulation.
Unable to reach an agreement by October 28, 2011, the parties requested and were granted a case management conference that was held on October 31, 2011. During that conference, Plaintiff requested additional time to resolve the matter with Defendant. Defendant did not support Plaintiff's request. The court allowed Plaintiff until November 4, 2011, to submit a signed stipulation.
In his letter dated November 4, 2011, accompanying Plaintiff's Motion to Schedule Trial Date or In the Alternative, Motion for Abeyance, filed November 4, 2011, Robinson requested the court set a trial for the above-entitled matter. Robinson stated that Defendant objected to the trial request. In his letter, Robinson blamed the court and Defendant for the above-entitled matter not being resolved or allowed to continue in the Magistrate Division.
Having allocated significant court resources to the above-entitled matter and Plaintiff's failure to acknowledge and follow the court's rules, the court's Order, stating that the above entitled matter will be dismissed if a signed stipulation is not filed, is upheld. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of November 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on November 15, 2011. The Court filed and entered thisdocument on November 15, 2011. *Page 1